IN THE  
UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS  
PEORIA DIVISION

LOUIS SIMPSON,
 Petitioner,

v.

UNITED STATES OF AMERICA,
 Respondent.

Case No. 1:16-cv-01354-JES

## ORDER AND OPINION

Before the Court is the Petitioner's, Louis Simpson, Petition for Writ of Mandamus (Doc. 3). For the following reasons, the Petition for Writ of Mandamus is DENIED and the matter is dismissed.

### I. Background

The Petitioner, Louis Simpson, originally filed a Petition for a Writ of Mandamus in this Court under 28 U.S.C. § 1361, requesting that the Court compel a United States Attorney in this district to take some action on his behalf. The Court transferred the Petition to the Court of Appeals in a Text Order, and the Court of Appeals subsequently remanded the § 1361 Writ of Mandamus to the Court. The Court of Appeals noted that § 1361 provides that the Court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (Doc. 2). Accordingly, the Petition (Doc. 3)[1] is currently pending before this Court.

---

[1] Because the original petition (Doc. 1) was stricken by the Court, the Petition currently before the Court is electronically filed as Doc. 3. Accordingly, the Petition will be herein referenced as "(Doc. 3)".

1

Petitioner is currently incarcerated in Federal Prison Camp in Pekin, Illinois. In 2009, a jury convicted the Petitioner seven counts of wire fraud and two counts of aggravated identity theft. At sentencing, the Court imposed a total term of imprisonment of 183 months, and later ordered Simpson to pay $1,005,136.18 in restitution. (Doc. 6, App. C & App. F). According to the Petitioner, in June 2016 his wife requested assistance from the former U.S. Attorney for the Central District of Illinois. According to the Petitioner Simpson, he filed a written complaint with the Office of Inspector General (OIG) in January 2015, and a subsequent investigation by the OIG revealed that Simpson is innocent of all charges alleged in his superseding indictment due to gross professional misconduct committed by the prosecution team involved in his criminal case. Simpson was able to obtain a redacted summary report of the OIG investigation, which he claims revealed the following offenses: false statement, job performance failure, and non-DOJ professional misconduct. Further, the redacted report listed Simpson's United States magistrate judge as an associated person; Simpson maintains that the magistrate judge reviewed and erroneously denied his § 2255 habeas motion in a recommended order.[2] The OIG report shows the date of occurrence as 6/11/2008, the date of Simpson's original criminal grand jury indictment. Simpson argues that this evidence proves that his grand jury proceedings were tainted, unfairly prejudiced him, and violated his due process rights; moreover, the evidence substantially influenced the grand jury's decision to indict.

Simpson argues that the prosecutor clearly lacked probable cause to charge and obtain an indictment from the grand jury and used fabricated evidence, and the lead witness's testimony constituted perjury. Simpson also raises the issue that U.S. Benefits Plus, LP, the victim, did not

---

[2] This R&R was adopted by the District Court Judge. (Doc. 28, App. B p. 1).

legally exist at the time of the alleged offenses for which he was found guilty. Simpson requests that the Court order the following:

    A.    The U.S. Attorney for the Central District of Illinois comply with the Illinois Rules of Professional Conduct § 3.8(g) and (h) by promptly disclosing documents of the OIG investigation, OIG Case No. DA-007-2015-10442-M to the Court;
    B.    Seek to remedy the Petitioner's conviction by any lawful means appropriate to obtain defendant's immediate release, once the disclosed evidence shows his innocence of any and all offenses alleged in his superseding indictment;
    C.    For the prosecutor to request the Court to appoint counsel for Simpson; and
    D.    For the Court to review the grand jury transcripts.

(Doc. 3, p. 11-12).

The government responds that the United States is entitled to sovereign immunity, Simpson's Petition suffers from serious legal deficiencies, and is meritless because it is based on false representation to the Court. First the government brings to the Court's attention Simpson's direct appeal and his § 2255 motion which was denied by the Eastern District of Texas. In his direct appeal, the Fifth Circuit affirmed his conviction and sentence, including the issues he raised relating to his jury instructions and the restitution order. In his § 2255 motion, he raised several issues duplicate of the ones in his current Petition: U.S. Benefits Plus, LP did not exist, the bank statements were erroneously admitted, improper charge and jury instructions, insufficient evidence, prosecutorial misconduct, false statements at the Grand Jury, ineffective assistance of counsel, and actual innocence. The motion was denied in March 2015. According to the government and the accompanying exhibits, during the pendency of his § 2255 motion, Simpson filed an interlocutory appeal from stay orders, which were dismissed, and a mandamus action, which was denied. The Fifth Circuit also denied his motion for a certificate of appealability.

Further, the government responds that the Office of Professional Responsibility (OPR), also of the Department of Justice, has twice reviewed claims Simpson made to the OIG. The

OPR sent written notice to Simson that no action on his claims was warranted. Thus, the government argues that the Petitioner's claim that the OIG investigation revealed misconduct that exonerates him is patently false.

### I. Analysis

Federal courts have original jurisdiction to hear mandamus actions to compel federal agents to perform a duty owed to a plaintiff pursuant to 28 U.S.C. § 1361. A Court cannot compel "a federal official to perform any function" through a writ of mandamus "unless the official is clearly directed by law to perform such a duty." *Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir. 1978). Thus, a court only has jurisdiction to grant a mandamus remedy "that would order performance of discretionary, as opposed to ministerial, acts by federal officials." *Jaffree v. Barber*, 689, F.2d 640, 643 (7th Cir. 1982) (citations omitted). Mandamus jurisdiction exists "only when a clear, plainly defined, and preemptory duty on the federal defendant is shown and there is a lack of an adequate remedy other than mandamus." *Id.*, citing *Vishnevsky v. United States*, 581 F.2d 1249 (7th Cir. 1978).

Mandamus relief is not available when an adequate remedy exists to address the underlying claim. The Petitioner ultimately is challenging the validity of his conviction; such a challenge is the province of habeas corpus, not mandamus. In his Petition, Simpson challenges his conviction on the grounds of new evidence—the OIG investigation and report—and a due process violation. These claims are cognizable under a § 2255 motion. Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Here, Simpson is a (1) prisoner, who is (2) in custody under sentence of a court established by Act of Congress, (3) claiming the right to be released, (4) upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or … is otherwise subject to collateral attack." *Id*. Thus, it appears that Simpson could have brought the claims raised here in an initial § 2255 motion challenging his conviction or sentence. Simpson has already made a § 2255 motion on similar grounds, which was denied by the District Court in the Eastern District of Texas, and affirmed on appeal. Therefore, Simpson must seek permission from the Fifth Circuit to file a second or successive motion under § 2255(h).[3] Alternatively, if § 2255 is inadequate or ineffective to test the legality of his detention, Simpson can petition for a writ of habeas corpus under § 2241. See § 2255(e).

Finally, although Simpson argues that the U.S. Attorney for the Central District of Illinois owed him a duty to investigate and follow the rules of professional conduct and ethical standards, the Court does not need to determine whether the duties of the U.S. Attorney are discretionary or ministerial, because here there is "an adequate remedy other than mandamus." *Jaffree v. Barber*, 689, F.2d at 643. Moreover, if the Court issues mandamus on the grounds that the Petitioner has alleged, it would invalidate his conviction and sentence. Simpson seeks relief that would necessarily invalidate his conviction or sentence based on administrative action of the

---

[3] Under §2255(h),
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

DOJ. "Such a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Because Simpson's suit is really a collateral attack on his conviction or sentence, his exclusive remedy is by way of motion under § 2255 or petition under § 2241. See *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994) (civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments); see also *VanGilder v. Baker*, 435 F.3d 689, 691-92 (7th Cir. 2006).

## CONCLUSION

For the forgoing reasons, the Court finds that the Petitioner has failed to demonstrate any entitlement to a writ of mandamus because an adequate remedy exists to address his claims. Accordingly, the Petition for a Writ of Mandamus is DENIED.

Signed on this __16__ day of ____May____, 2017.

       s/ James E. Shadid
       James E. Shadid
       Chief United States District Judge