E-FILED
Monday, 13 November, 2017  02:54:23 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

LOUIS SIMPSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 1:16-CV-01354-JES

## Order

Now before the Court is the *pro se* Petitioner, Louis Simpson's, Emergency Motion for Reconsideration (D. 11)[1] and the Government's response thereto (D. 14). For the reasons stated, *infra*, the Court DENIES the Petitioner's motion.

In a recent Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 (D. 3), the Petitioner argued: (1) that he was entitled to disclosure of documents by the United States Attorney's Office for the Central District of Illinois related to an investigation by the Office of the Inspector General; (2) immediate release from custody—given the exonerating information in the documents; and (3) appointment of counsel. (D. 3 at pp. 11-12). The Court denied his Petition, finding, in part, that it was essentially a substitute for a motion seeking authorization to file a successive § 2255 motion. (D. 9 at pg. 5). The Court reasoned that a mandamus action is impermissible when there is an adequate alternative remedy. *Id.* at pg. 6.

Now, the Petitioner argues the Court erred in its ruling. (D. 11). Specifically, he claims the Court misunderstood the intent of his Petition for Writ of Mandamus, as it was not a direct challenge to the validity of his conviction or length of his sentence, but rather a challenge to "the

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

legality of the conduct of the U.S. Attorney by refusing to seek action as required under Article VIII of the Illinois Rule Professional Conduct 3.8." *Id.* at pg. 5.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). Manifest errors are those which involve the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Petitioner has failed to highlight any manifest errors of law or fact in his Emergency Motion for Reconsideration. Nor has he brought any newly discovered evidence to the Court's attention. Therefore, the Court DENIES the Petitioner's Motion.

For the reasons stated, *supra*, the Petitioner's Emergency Motion for Reconsideration (D. 11) is DENIED.

*It is so ordered.*

Entered on November 13, 2017

    s/James E. Shadid
    Chief United States District Judge